# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:10cr57.21 |
| | § | (Judge Schneider) |
| BANK OF AMERICA | § | |
| AXA EQUITABLE | § | |
| HARTFORD LIFE AND ANNUITY | § | |
| INSURANCE CO. | § | |
| Garnishee-Defendants | § | |
| and | § | |
| DEBBIE FERNIE | § | |
| Judgment-Defendant | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is a dispute regarding United States' Writ of Continuing Garnishment against AXA Equitable (Dkt. #735), Bank of America (Dkt. #733), and Hartford Life and Annuity Insurance Co. (Dkt. #731).

### BACKGROUND

On December 15, 2010, the Court entered Judgment in a Criminal Case against Judgment-Defendant Debbie Fernie in which she was ordered to make restitution to the victims of her criminal conduct in the amount of $8,289,373 (Dkt. #669). As of February 14, 2011, the outstanding balance owed by Judgment-Defendant on the victim restitution was $8,289,373.

On January 21, 2011, the United States moved the Court for a Writ of Continuing Garnishment against Garnishee-Defendant, Bank of America (Dkt. #726), Garnishee-Defendant, AXA Equitable (Dkt. #725), and Garnishee-Defendant Hartford Life and Annuity Insurance Co. (Dkt.#727). The writs were subsequently issued on January 25, 2011, ordering that Garnishee-Defendants answer whether they had in their custody or possession any property owned by Judgment

Defendant (Dkt. #729, #733, #730, #735, #728, #731).

The Government asserts that Garnishee-Defendant Bank of America is in possession of at least three bank accounts belonging to Judgment-Defendant and/or Judgment-Defendant's spouse. One known account is a Joint Interest Checking Account ending in 6034 in the name of the Judgment Defendant and her husband, and is subject to the writ of continuing garnishment to the extent of its entire present value. Another known bank account is a Joint Balance Rewards Money Market Account ending in 0278 and is also subject to the writ of continuing garnishment to the extent of its entire present value. The third known account is an Advanced Tiered Interest Checking Account ending in 4881 in the name of the Judgment-Defendant and her husband and is subject to the writ of continuing garnishment to the extent of its entire present value.[1]

The Government also asserts that Garnishee-Defendant AXA Equitable is in possession of at least three retirement accounts belonging to Judgment-Defendant and her spouse. One known retirement account is an IRA that is solely-managed community property in the name of the Judgment-Defendant, ending 3514, and is subject to the writ of continuing garnishment to the extent if its entire present value. Another known retirement account is also solely-managed community property in the name of the Judgment-Defendant, Contract No. ending 2610, and is subject to the writ of continuing garnishment to the extent of its present value in the amount of one-hundred percent. The other known retirement account is solely-managed community property in the name of the spouse, Andrew D. Fernie, Contract No. ending in 3515, and is subject to the writ of

---

[1] On March 4, 2011, Bank of America, N.A. filed an answer to the writ of continuing garnishment (Dkt. #783). Bank of America listed one account with a balance of $167.42 in the name of Deborah C. Fernie or Andrew David Fernie.

continuing garnishment to the extent of its present value in the amount of fifty percent.[2]

The Government asserts that Garnishee-Defendant Hartford Life and Annuity Insurance Co. is in possession of at least two insurance policies belonging to Judgment-Defendant and/or her spouse. One known policy is solely managed community property in the name of the Judgment-Defendant, Policy No. XXXXX8192, and is subject to the writ of continuing garnishment to the extent of its present value in the amount of one-hundred percent. The other known policy is solely managed community property in the name of the spouse, Andrew D. Fernie, Policy No. XXXXX0330, and is subject to the writ of continuing garnishment to the extent of its present value in the amount of fifty percent.[3]

On February 11, 2011, Judgment-Defendant filed a Request for Hearing regarding this garnishment proceeding (Dkt. #752, #753, #754). In her request, Judgment-Defendant asserts that the property that the Government is taking is exempt pursuant to 18 U.S.C. § 3613. Judgment-Defendant asserts that the following exemptions apply: wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of a trade, business, or profession; and undelivered mail. Judgment-Defendant requested a hearing to decide the validity of any of the claims.

On February 14, 2011, these matters were referred to the undersigned for hearing and proposed recommendations for their dispositions (Dkt. #755). The Court set the matters for hearing.

---

[2] On February 25, 2011, AXA Equitable Life Insurance Co. filed an answer to the writ of continuing garnishment (Dkt. #775). AXA listed three accounts, with balances of $5,786.55, $5,505.45, and $43,563.06, in the name of Deborah C. Fernie or Andrew David Fernie.

[3] On February 24, 2011, Hartford Life and Annuity Insurance Co. filed an answer to the writ of continuing garnishment (Dkt. #771). Hartford Life and Annuity Insurance Co. listed two policies with cash surrender values of $12,688.31 and $639.69 in the name of Deborah C. Fernie or Andrew D. Fernie.

On February 15, 2011, the United States filed responses in opposition to the requests for hearings (Dkt. #758, #759). The Government asserts that the Judgment-Defendant fails to set forth any valid exemption for the garnished property which would warrant a hearing on this matter. After receiving the United States' responses, the Court canceled the hearing and allowed the Judgment-Defendant to file a reply to the responses (Dkt. #761). On February 22, 2011, Judgment-Defendant filed a joint reply (Dkt. #769). On February 23, 2011, the United States filed a sur-reply (Dkt. #770).

Under the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, the Court is required to order a defendant convicted of "an offense against property ... including any offense committed by fraud or deceit" to make restitution to any "identifiable victim or victims [who have] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)-(c) (1)(B). Orders of restitution issued under § 3663A must conform to the requirements of 18 U.S.C. § 3664. 18 U.S.C. § 3663A(d).

The law serves the dual purposes of ensuring "that criminals pay full restitution to their victims for all damages caused as a result of the crime" and providing "those who suffer the consequences of crime with some means of recouping the personal and financial losses." H.R. REP. No. 104-16, at 5 (1995); *see also United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003); *United States v. Perry*, 360 F.3d 519 (6th Cir. 2004). In attempting to restore the full loss amount to each victim, the court is required to order restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see, e.g., United States v. Karam*, 201 F.3d 320, 330 (4th Cir. 2000); *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).

Section 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (which is 18 U.S.C. §§ 3571-3574) and

subchapter B of chapter 229 of Title 18 (which is 18 U.S.C. §§ 3611-3615), or by all other available and reasonable means. 18 U.S.C. § 3664(m)(1)(A) (i)-(ii). The operative enforcement provision is 18 U.S.C. § 3613, which provides "Civil remedies for satisfaction of an unpaid fine," but is fully "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). The Fifth Circuit found that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002).

"The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution "'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *Id.* (quoting 18 U.S.C. § 3613(a)).

18 U.S.C. § 3613(a) provides as follows:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law ... a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that-
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).

Pursuant to 18 U.S.C. § 3613(c), once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States. In addition, for purposes of debt collection, such a lien is treated like a tax lien. § 3613(c). Thus, "any property the IRS can reach to satisfy a tax

5

lien, a sentencing court can also reach in a restitution order." *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009); *see also United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007) ("Liens to pay restitution debts are treated like tax liens, so that they are 'effective against every interest in property accorded a taxpayer by state law.' ").

Section 3613(c) broadly defines the property subject to attachment by the government indicating that "Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989); 18 U.S.C. § 3613(c).

The Government asserts that when the criminal judgment and victim restitution order was entered against Judgment-Defendant, the United States' lien immediately attached to all of her property, including the bank accounts and retirement accounts held by the Garnishee-Defendants. The Court agrees.

The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA. 28 U.S.C. §§ 3001-3308 ("FDCPA"); *Phillips*, 303 F.3d at 551. "The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states." *Id.* Section 3205 of the FDCPA sets forth the procedures utilized in garnishment proceedings. *United States v. Texas Life Ins. Co.*, No. 1:04-CR-60, 2011 WL 900099*1 (E.D. Tex. Mar. 14, 2011). Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment ... in order to satisfy the judgment against the debtor." 28 U.S.C. 3205(a). Sections 3202 and 3205 of the FDCPA provides instructions on how Defendant may challenge the order. 28 U.S.C. §§ 3202(b), 3202(d), and 3205(c)(5).

"[W]ithin 20 days after receiving the notice [of the writ]," the debtor may request a court

hearing. 28 U.S.C. § 3202(d). Further, under Subsection 3202(d), the issues at a hearing seeking to quash an order granting an enforcement remedy are limited: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment. 28 U.S.C. § 3202(d).

In this case there is no dispute that the United States followed the proper procedures in obtaining the writs of garnishment at issue. Judgment-Defendant only asserts that there are exemptions that apply in this case.

The MVRA applies the exemptions set out in the Internal Revenue Code, 26 U.S.C. § 6334, which lists property "exempt from levy." The listed exempt property does not include retirement accounts, IRA's, or similar retirement funds.[4] The exemptions available in proceedings to collect criminal restitution judgments are limited to those set out in 26 U.S.C. § 6334, and retirement benefits are not exempt. *United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010). The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes. 18 U.S.C. § 3613(a). Section 3613(c) underscores the Congressional directive that restitution orders should be satisfied in the same manner as tax liabilities. 18 U.S.C. § 3613(c) (stating that an order of restitution imposed under this chapter "is a lien in favor of the United States on all property and rights to property of the person fined as if the

---

[4] There are a few specific retirement plans included in the list of exemptions; for example, funds under the Railroad Retirement Act are exempt. 26 U.S.C. § 6334.

liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986"). As we have already recognized, pension plan benefits are subject to levy under the Internal Revenue Code to collect unpaid taxes. *See Shanbaum v. United States*, 32 F.3d 180, 183 (5th Cir. 1994). Other courts have reached the same conclusion, holding the exemptions available in a federal court garnishment action seeking collection of restitution are limited to those in the Internal Revenue Code, and retirement benefits are not exempt. *See, e.g., United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007); *Phillips*, 303 F.3d at 550-51.

Judgment Defendant requests the following exemptions: (1) Wearing apparel and school books. 26 U.S.C. § 6334(a)(1); (2) Fuel, provisions, furniture, and personal effects up to $6,250. 26 U.S.C. § 6334(a)(2); (3) Books and tools of a trade, business, or profession up to $3,125. 26 U.S.C. § 6334(a)(3); and (4) Undelivered mail. 26 U.S.C. § 6334(a)(5).

The Government asserts that the United States seeks only to garnish Judgment-Defendant's interest in bank accounts and retirement accounts held by Garnishee-Defendants and nothing more. The Government argues that the Garnishee-Defendants are not in possession of wearing apparel, school books, fuel, provisions, furniture and personal effects, books and tools of a trade, business, profession, or undelivered mail belonging to Judgment-Defendant. The Government argues that no hearing is necessary because none of the exemptions apply.

In her response, Judgment-Defendant concedes that the property at issue is not exempt, but advances plea of mercy on behalf of her innocent spouse and her minor son based upon her current financial situation. Although these actions may cause a hardship, the Court has no basis in law to grant relief based upon the reasons stated by the Judgment-Defendant. Instead, the Court is limited to the exemptions granted by Congress. The Court finds that none of the assets sought to be

8

garnished fall within the list of listed exemptions, and the Judgment-Defendant has not identified any exemptions that would apply. Furthermore, the underlying criminal acts that Judgment-Defendant committed resulted in millions of dollars in losses. The Court must follow the mandate of Congress, and recommends denying the Judgment-Defendant's request for hearing in these matters.

## RECOMMENDATION

The Court recommends that the Judgment-Defendant's exemption claim should be denied and the requests for hearing should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 25th day of March, 2011.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE